**SUPERIOR TESTERS, INC., Plaintiff,**

v.

**DAMCO TESTERS, INC., Brown Oil Tools, Inc., D. A. Miller, Frank J. Lofaso, Claudia Deal, H. Robert Cournoyer, Ray O. Tillett, William J. Bergeron, James A. Lightfoot, Jr., and Ellis O. Deal, Defendants.**

**Civ. A. No. 69-726.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Aug. 20, 1970.

See also D.C., 309 F.Supp. 661.

A. J. Gray, III, New Orleans, La., Harvey B. Jacobson, Jr., Washington, D. C., H. Minor Pipes, Houma, La., for plaintiff.

Gerald F. Lofaso, Houma, La., Carlos A. Torres, Houston, Tex., for defendants other than Brown Oil Tools, Inc.

Philip J. MacMahon, Houma, La., Charles A. Keilin, Houston, Tex., for defendant Brown Oil Tools, Inc.

RUBIN, District Judge:

Superior Testers has moved for reconsideration of the court's order dated

December 18, 1969, and the judgment thereafter entered on January 2, 1970, and seeks to have the court set aside that part of these decrees dismissing D. A. Miller the president of the infringing corporation. The basis alleged is that, on the facts adduced at the hearing, Miller is (or may be) personally liable to Superior Testers for the infringement of Superior's exclusive patent license rights under the provisions of 35 U.S.C. § 271(b).

Section 271(b) of the patent law, which codifies the law on contributory infringement,[1] provides:

> Whoever actively induces infringement of a patent shall be liable as an infringer.

 It is doubtless true that "being an officer of a corporation does not of itself make the officer personally liable for [the corporation's] infringements." General Motors Corp v. Provus, 7 Cir. 1938, 100 F.2d 562. When, however, the corporate officer has played the primary role in organizing and managing the corporation and has directed the manufacture and sale of the infringing device, courts in several circuits have, with near unanimity, found him jointly liable. International Mfg. Co. v. Landon, Inc., 9 Cir. 1964, 336 F.2d 723, cert. den. 379 U.S. 988, 85 S.Ct. 701, 13 L.Ed.2d 610; Marks v. Polaroid Corp., 1 Cir. 1956, 237 F.2d 428, cert. den. 352 U.S. 1005, 77 S.Ct. 564, 1 L.Ed.2d 550; Dean Rubber Mfg. Co. v. Killian, 8 Cir. 1939, 106 F.2d 316, cert. den. 308 U.S. 624, 60 S.Ct. 380, 84 L.Ed. 521. See also Weller Mfg. Co. v. Wen Products, Inc., 7 Cir. 1956, 231 F.2d 795; Claude Neon Lights, Inc. v. American Neon Light Corp., 2 Cir. 1930, 39 F.2d 548; Southwestern Tool Co. v. Hughes Tool Co., 10 Cir. 1938, 98 F.2d 42. Not all of these decisions are "goose cases." As Damco's counsel correctly points out, *International Mfg. Co.* and *Weller Mfg. Co.* involved sole stockholders whose corporations served as instruments of the infringe-

ment and *Marks* involved a family corporation. But these distinctions are merely freckles on the nose of the principle. While the Fifth Circuit has not yet passed on the liability of corporate officers under 271(b), it has defined the section to cover "the range of actions by which one in fact causes, or urges, or encourages, or aids another to infringe a patent." Fromberg, Inc. v. Thornhill, 5 Cir. 1963, 315 F.2d 407, 411.

 This definition states a general rule that appears to reach Miller's conduct here. The evidence convinces me that Miller was the guiding force in the organization of Damco, had been its chief executive and largest stockholder and had a major part in designing and, on behalf of Damco, in using the infringing equipment. While it is true that he did so only as president of, and on behalf of, Damco and benefitted only in his capacity as stockholder, Miller was the moving, active, conscious force behind the infringement. Hence the motion to reconsider is granted and the prior decrees are set aside but only insofar as they dismiss D. A. Miller.

1. Note, Section 271(b) of the Patent Act of 1952; Confusion Codified, 66 Yale 132, 136, 139 (1965); Walker Patents (Deller ed. 1967–68 Supp.) p. 1764.